UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADHURI TRIVEDI,

                    Plaintiff,

          -against-

GENERAL ELECTRIC COMPANY, *et al.*,

                    Defendant.

22-CV-8453 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Boston, Massachusetts, brings this *pro se* employment

discrimination action, invoking numerous federal statutes, including Title VII of the Civil Rights

Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff alleges that her former

employer, General Electric Company, located in Boston, Massachusetts, discriminated and

retaliated against her based on her gender and national origin and wrongfully terminated her. For

the following reasons, this action is transferred to the United States District Court for the District

of Massachusetts.

**DISCUSSION**

A Title VII claim must be asserted in:

any judicial district in the State in which the unlawful employment practice is
alleged to have been committed, in the judicial district in which the employment
records relevant to such practice are maintained and administered, or in the
judicial district in which the aggrieved person would have worked but for the
alleged unlawful employment practice, but if the respondent is not found within
any such district, such [a claim] may be brought within the judicial district in
which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a

> substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Plaintiff alleges that the General Electric Company discriminated and retaliated against her while she was working in Boston, Massachusetts. Thus, it appears that the alleged unlawful employment practice(s) and the events that give rise to her claims took place in Boston, Massachusetts. Accordingly, this Court does not appear to be a proper venue for Plaintiff's claims.

When a plaintiff brings an action in a district where venue is improper, the Court must either dismiss the action or transfer it to a district court where venue is proper. *See* 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co., Inc. v. U.S. D. Co. for the W. Dist. of Tex.*, 134 S. Ct. 568, 578 (2013). Plaintiff's claims arose in Boston, Massachusetts, which is where she was employed, and where Defendant has its principal office. Boston, Massachusetts is located within the District of Massachusetts. *See* 28 U.S.C. § 101. Accordingly, venue lies in the District of Massachusetts, 28 U.S.C. § 1391(b)(2), and the Court transfers this action to the United States District Court for the District of Massachusetts, 28 U.S.C. § 1406(a).[1]

---

[1] A review of the Public Access to Court Electronic Records (PACER) system reveals that on August 30, 2019, Plaintiff filed an action in the District of Massachusetts against the same Defendants, alleging the same claims. *See Trivedi v. General Electric Co.*, 19-CV-11862 (D. Mass. May 27, 2021). By order dated May 27, 2021, the Honorable Patti B. Saris, of that court, adopted the report and recommendations of Magistrate Judge M. Page Kelley and dismissed the case against all defendants. *See Id.* at ECF No. 157. A review of PACER also reveals that on August 9, 2022, Plaintiff filed a motion to transfer that case to the "second circuit or another circuit; where judges are not this seriously corrupt." By memo endorsement dated August 12, 2022, Judge Saris denied Plaintiff's motion. *See Id.* at ECF No. 183. Plaintiff names Judges Saris and Kelley as Defendants in this action. She also names as Defendants judges of the United States Court of Appeals for the First Circuit.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 5, 2022
          New York, New York

                                          /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge